■ In the Matter of the Claim of Roy L. Pennington, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent.— Memorandum by the Court. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 24, 1968, which determined that claimant was disqualified from receiving benefits effective December 27, 1967 on the ground that he voluntarily left his employment without good cause. Claimant, a junior engineer aboard the *S. S. Junior,* elected to leave the ship at Seattle, Washington on December 26, 1967 rather than sign on for the return voyage. He stated that he left the ship because he wanted to secure a better job; that he expected to be "bumped" or laid off because of lack of seniority, and that he felt he was unqualified for the job by reason of criticism by his superior. He admitted that he was offered an opportunity to sign up for the return voyage. The Referee found that " claimant elected to leave rather than to continue aboard for various personal and non-compelling reasons best known and understood to himself", and the board adopted this finding. Substantial evidence supports this determination, and it may not be disturbed by this court. (*Matter of Asaro [Catherwood]*, 32 A D 2d 699.) The various reasons advanced by claimant do not constitute good cause for leaving his employment. (*Matter of La Greca [Catherwood]*, 30 A D 2d 597; *Matter of Schwalbe [Catherwood]*, 30 A D 2d 995; *Matter of Haynes [Catherwood]*, 30 A D 2d 722; *Matter of Gilmore [Catherwood]*, 25 A D 2d 462.) Decision affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by the court.

■ The People of the State of New York ex rel. David G. Newcombe, Appellant, v. J. Edwin La Vallee, as Warden of Clinton Prison, Respondent.— Reynolds, J. Appeal from a judgment of the Supreme Court, Clinton County, dismissing appellant's writ of habeas corpus, after a hearing. Appellant urges here that since he received a suspended sentence on his first felony conviction in 1963, this conviction could not constitute a lawful predicate for second felony treatment on his subsequent felony conviction in 1964. We cannot agree. In *People* v. *Shaw* (1 N Y 2d 30), the Court of Appeals noted that section 470-b of the Code of Criminal Procedure and section 1941 of the Penal Law, when read together, make it clear that a prior conviction and suspended sentence properly form the basis for treating a subsequently convicted felon as a second offender (see, *People* v. *Weinberger*, 21 A D 2d 353, affd. 15 N Y 2d 735). Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.