478 P.2d 679 (1970)
Edgar M. GATEWOOD, Petitioner,
v.
Kenneth C. RUSSELL, Individually and as Commissioner of the Industrial Commission of the State of Colorado, Henry C. Kimbrough, Individually and as Commissioner of the Industrial Commission of the State of Colorado, and Industrial Commission of the State of Colorado (ex-officio Unemployment Compensation Commission of Colorado) and Bob Reed Ford, Respondents.
No. 70-186.
Colorado Court of Appeals, Div. I.
November 10, 1970.
Rehearing Denied December 1, 1970.
*680 Bruce C. Bernstein, Denver, for petitioner.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Robert L. Harris, Asst. Atty. Gen., for respondent Industrial Commission of the State of Colorado (ex-officio Unemployment Compensation Commission of Colorado).
Selected for Official Publication.
COYTE, Judge.
This is an appeal from the decision of the Industrial Commission denying unemployment benefits to claimant.
The factual background of the case reveals that claimant was an employee of defendant, Bob Reed Ford. In July 1969, he left the employ of Bob Reed Ford to accept a job offer from National Auto Brokers, Inc., hereinafter referred to as "National." Approximately four weeks later claimant quit his job at National and applied for unemployment compensation. After an initial denial by a deputy, claimant was awarded benefits by the referee. Benefits totaling $497 were then paid to the claimant. The referee's decision was appealed to the Commission, which reversed the referee and denied benefits to claimant. This decision of the Commission is now here on appeal.
Under the applicable statute, 1965 Perm. Supp., C.R.S.1963, 82-4-8(4) (g), a worker who quits his employment to take a better job must work at the new job at least ninety days in order to be eligible for unemployment compensation. If the worker fails to work this minimum period, it is not considered a "better job" under 1965 Perm.Supp., C.R.S.1963, 82-4-8(4) (g) (iii), and the Commission is required to deny all unemployment benefits, 1965 Perm.Supp., C.R.S. 1963, 82-4-8(6)(b)(vii).
However, under 1965 Perm.Supp., C.R.S.1963, 82-4-8(4) (g) (iii), a worker may cease employment within the ninetyday period and still be eligible for benefits, if the reasons for termination of this employment were conditions over which the worker had no knowledge at the time he accepted employment, and over which he had no control after commencing work. Whether or not the worker lacked this knowledge and control is a question of fact to be determined by the Commission.
Although recognizing that he did not work the required ninety days, claimant maintains that the exception to the rule applied in his case and that the Commission *681 erred in ruling otherwise. We do not agree with this contention.
As noted above, the Commission is responsible for determining whether or not the exception is applicable in a particular case. On appeal, our function is to determine if there exists evidence to support the findings made by the Commission. Findings supported by substantial evidence are binding upon the court. Morrison Road Bar, Inc. v. Industrial Commission of Colorado, 138 Colo. 16, 328 P.2d 1076.
Claimant stated that he was subject to constant harassment and criticism while working for National, which forced him to quit before completing the minimum ninety-day period. Defendant, Bob Reed Ford, argued that this was not a condition beyond the knowledge or control of the claimant, but was merely a personality conflict between the claimant and his supervisor, where claimant was unable to adjust to his new situation, and as such was not an exception to the ninety-day rule contemplated by the statute. This latter argument was accepted by the Commission in rejecting this claim.
We concur in this holding. It is undisputed that claimant voluntarily left the employment of National. As C.R.S. 1963, 82-1-2, makes clear, the policy of the Colorado Employment Security Act is to provide some protection to those "* * * persons unemployed through no fault of their own." This so-called condition raised by claimant was personal and subjective, and failed to relate to any objective standards justifying voluntary termination. In order to come within the exception, the reason for voluntary termination of employment must be for objective rather than personal reasons. Geckler v. Review Board of Indiana, 244 Ind. 473, 193 N.E.2d 357; Pennington v. Catherwood, 33 A.D.2d 946, 306 N.Y.S.2d 744.
The next question raised by the claimant concerns the $497 in benefits he received. Claimant argues that the Commission should be equitably estopped from demanding repayment of this amount. Although the Commission indicates that it is uncertain as to whether it will demand repayment of this amount, we feel that it is necessary to answer this question in order fully to dispose of the issues herein.
By virtue of 1967 Perm.Supp., C.R.S. 1963, 82-11-1(4) (a), the Commission has authority to demand repayment of benefits mistakenly paid, or may have such overpayments credited to any future benefits the claimant may be entitled to if equity and good conscience so require. The Commission may also waive collection if it deems collection to be administratively impracticable.
Claimant has collected $497 to which he was not entitled. He has failed to advance any justifiable reason as to why the Commission should be prohibited from exercising the authority granted to it by statute. Therefore, the Commission may take such action relative to this $497 as it deems appropriate in accordance with its statutory authority.
Order affirmed.
SILVERSTEIN, C. J., and DUFFORD, J., concur.