539 P.2d 1303 (1975)
James M. BRIGGS, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Commission of the State of Colorado), et al., Respondents.
No. 75-096.
Colorado Court of Appeals, Div. II.
July 22, 1975.
*1304 Malman & Malman, Jerome S. Malman, Denver, for petitioner.
John D. MacFarlane, Atty. Gen., Edward G. Donovan, So. Gen., Robert L. Harris, John Kezer, Asst. Attys. Gen., Denver, for respondent Industrial Commission of the State of Colorado (Ex-Officio Unemployment Commission of the State of Colorado).
Selected for Official Publication.
SMITH, Judge.
Claimant, James M. Briggs, was employer by Hi Land Dairyman's Association in Durango from April of 1971 until his termination on September 13, 1973. Claimant had supplemented his income by working for one Ron Vesper, beginning in August 1973 and continuing after his termination from Hi Land until October 23, 1973. On this date claimant terminated his employment with Ron Vesper and left Durango to join his wife who had been promoted and transferred to Denver by her employer, Mountain Bell. Upon his arrival in Denver, claimant secured full-time employment which lasted until June 1974. Upon termination of this job, claimant sought unemployment compensation. Claimant was 55 years old at the time and had been married for 32 years.
The findings of the referee, subsequently affirmed by order of the Industrial Commission, determined (1) that because the employment with Ron Vesper did not last 90 days and consequently could not qualify as a better job as provided in § 8-73-108(4)(f), C.R.S.1973, claimant was disqualified from the receipt of benefits for 13 weeks because of his separation from Hi Land; and (2) that since claimant quit his employment with Vesper for personal reasons, he is disqualified from benefits for an additional period of 20 weeks because of that separation. See § 8-73-108(6) (e), C.R.S.1973.

I
In assessing a disqualification period against claimant because of his separation from the Vesper job, the Commission concluded that he quit that job for no apparent reason. See § 8-73-108(6)(e), C.R.S. 1973. Claimant, on the other hand, contends that, since he is otherwise qualified, he is entitled to a special award pursuant to § 8-73-108(8)(a), C.R.S.1973, which statute provides for such an award when employment is terminated because of a "[m]arital, parental, filial, or domestic obligation." Thus, if claimant's termination of his employment to join his wife in Denver can be characterized as a voluntary termination or one for personal reasons, then the disqualification period was proper. But if that termination appears to have resulted from a filial or domestic obligation, then no disqualification should have been invoked.
First of all, we rule that one who becomes unemployed as the result of leaving employment in order to travel to another place to live with his or her spouse *1305 has not "voluntarily" left work. The pressure of family and marital responsibilities and claimant's capitulation to them transforms what is ostensibly voluntary unemployment into involuntary unemployment. Bliley Electric Co. v. Unemployment Compensation Board of Review, 158 Pa.Super. 548, 45 A.2d 898. Indeed, it would be repugnant to public policy, which encourages and promotes the family as a social unit in society, to require that a husband, in certain circumstances, be denied unemployment benefits merely because he chooses to live with his wife.
In Gatewood v. Russell, 29 Colo.App. 11, 478 P.2d 679, we ruled that voluntary termination of employment must be for "objective" rather than "personal" reasons, and the Industrial Commission asserts that claimant has not met the requirements of that decision by showing a non-personal, objective or compelling reason for leaving his job to live with his wife in Denver. However, while the decision to live with one's wife is personal in the sense that a spousal relationship is personal, nevertheless, the fact that a decision to terminate employment has a nexus with such a personal relationship does not necessarily make that decision nonobjective, or "personal," in the sense that the decision was purely subjective.
Whether such reasons and circumstances meet this test depend on the character and strength of the compulsion produced by extraneous and necessitous circumstances. The statute expressly provides for a special award where marital and familial responsibilities compel a worker to terminate employment. Living with one's spouse is one of the basic responsibilities in the marital relationship which compelled claimant to quit his job. Accordingly, claimant was entitled to a special award of unemployment benefits and the failure to make such an award was error.

II
Although claimant concedes that his termination from Hi Land is governed by the "better job" rule, he contends that it was error for the Commission to conclude that the Ron Vesper job was not a "better job" solely because he did not remain in that employment for more than 90 days. Thus, he argues that the penalty imposed for leaving the Hi Land job to work for Ron Vesper should be reversed. We agree.
Under § 8-73-108(4) (f) (I), C.R.S. 1973, an exception exists to the statutory requirement that a job must last at least 90 days in order to constitute a "better" job where the job is terminated before the end of the 90-day period under conditions concerning which the worker had no knowledge or over which he had no control at the time he accepted the job. There is no dispute that claimant's employment with Ron Vesper did not last 90 days and that claimant left that job to join his wife in Denver. Thus, the issue is whether the promotion and transfer of claimant's wife and his decision to live with her in Denver, constitutes circumstances about which claimant had no knowledge, or over which he had no control.
At the time claimant began working for Vesper, his wife's transfer and promotion to Denver was only a possibility. Likewise, the promotion and transfer to Denver inured to the benefit of claimant's wife and the move to Denver was her decision, and thus we must assume, for purposes of the statute, was beyond the control of claimant.
To be sure, claimant could have remained in Durango and completed the 90 days and thus avoided the penalty of the "90 day" rule. However, as we have already stated, the compulsion to move was legitimate and consistent with public policy. Under these circumstances, to require him to remain long enough to comply with the technicality of the statute, in order to avoid the penalty, would be to put form before substance and would not accomplish the purpose intended to be furthered by the statute. Thus, the facts presented constitute a situation where the department and *1306 commission abused their discretion in not finding that the Ron Vesper job was a better job and in imposing a period of disqualification on claimant relative to that job.
The order of the Industrial Commission is therefore set aside and the cause is remanded for further proceedings not inconsistent herewith.
KELLY, J., concurs.
RULAND, J., concurs specially.
RULAND, Judge (specially concurring):
While I agree with the majority in their interpretation of § 8-73-108(8) (a), I do not agree with the interpretation of § 8-73-108(4) (f). In my view, a worker who separates from employment prior to fulfilling the 90-day requirement of a "better job" in order to reside with a spouse transferred to another city thereby disqualified himself from the "better job" coverage under § 8-73-108(4) (f), C.R.S.1973. If the General Assembly had intended that separation from employment for marital reasons were to constitute an exception to the 90-day requirement, then the statute would specifically so provide as is the case under the special award section, § 8-73-108(8), C.R.S.1973.
I concur in the result because the claimant was laid off for lack of work by Hi Land Dairyman's Association and is thus entitled to a full award under § 8-73-108(4) (a), C.R.S.1973. While the Commission determined that claimant quit his position with Hi Land in order to accept a better job, this determination is totally unsupported by the record and the "better job" provisions of the statute are therefore inapplicable. I note the following question by the referee and the answer thereto by a representative of Hi Land:
"Q Then what would you say was the reason that he [claimant] did not continue to work for Hi Land Dairyman's Association after September 13, 1973?
"A Because there wasn't any work. The work had terminated."
This testimony by the employer's representative is confirmed by the claimant. The evidence being undisputed, I would reverse the order of the Commission and remand for entry of an award under § 8-73-108(4) (a), C.R.S.1973.