**Julie M. CHILD, Plaintiff,**

v.

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, Defendant.**

**No. 18169.**

Supreme Court of Utah.

Jan. 28, 1983.

Julie M. Child, pro se.

David L. Wilkinson, Atty. Gen., Floyd G. Astin, K. Allan Zabel, Sp. Asst. Attys. Gen., Salt Lake City, for defendant.

HOWE, Justice:

Plaintiff Julie M. Child (claimant) seeks reversal of a decision by the Board of Review of the Industrial Commission of Utah (the Board) which denied unemployment benefits to her.

The facts are uncontroverted. After having been employed as a secretary for seven months at Weber State College, claimant resigned her employment in order to move to California with her husband who had been accepted to attend a law school there. Her resignation was made contingent upon leaving Utah; and, she did not search for employment prior to her move because she was not certain of when she would (or whether she would) move until within a week of doing it. However, upon her arrival in California, she immediately began seeking employment and obtained a position one month after having terminated working at Weber State College.

Utah Code Annotated, 1953, § 35–4–5(a) provides:

An individual shall be ineligible for benefits or for purposes of establishing a waiting period:

(a) For the week in which the claimant left work voluntarily without good cause, if so found by the commission, and for each week thereafter until the claimant has performed services in bona fide covered employment and earned wages for such services equal to at least six times the claimant's weekly benefit amount; provided, that no claimant shall be ineligible for benefits if the claimant leaves work under circumstances of such nature that it would be contrary to equity and good conscience to impose a disqualification.

The commission shall in cooperation with the employer consider for the purposes of

this act, the reasonableness of the claimant's actions, and the extent to which the actions evidence a genuine continuing attachment to the labor market in reaching a determination of whether the ineligibility of a claimant is contrary to equity and good conscience.

Claimant contends that the Board's determination that plaintiff lacked good cause for voluntarily leaving her employment was arbitrary, unreasonable, unsupported by substantial evidence and not in compliance with its own regulations of the Utah Employment Security Act. The resolution of this issue turns on the definition of "good cause."

The General Rules of Adjudication of the Utah Department of Employment Security at Voluntary Leaving, § 210, defines what constitutes "good cause" stating:

"Good cause" as used in unemployment insurance is cause which would justify an employee's voluntarily leaving work and becoming unemployed; the leaving must be for reasons which would reasonably motivate in a similar situation the average worker to give up employment with its wage rewards to become unemployed. To constitute good cause, the circumstances which compel the decision to leave must be real, not imaginary; substantial, not trifling; and reasonable, not whimsical. *There must be some compulsion from outside and necessitous circumstances.* The standard of what constitutes good cause is the standard of reasonableness as applied to the average individual and not to the supersensitive. [Emphasis added.]

In *Denby v. Board of Review of Industrial Commission,* Utah, 567 P.2d 626 at 630 (1977), citing another jurisdiction, Justice Maughan explained:

"Good cause" has been defined as "such cause as would similarly affect persons of reasonable and normal sensitivity, *and is limited to those instances where the unemployment is caused by external pressures so compelling* that a reasonably prudent person, exercising ordinary common sense and prudence, would be justified in quitting under similar circumstances." [Emphasis added.]

The responsibility of a lawful marriage and family relationship notwithstanding, it was not unreasonable for the Board to conclude that a married couple's exercise of a choice to move their family to a location where a spouse may attend school is simply not an instance where "the unemployment is caused by external pressures so compelling" that quitting was justified. In his decision the appeals referee stated:

When an individual voluntarily leaves gainful employment to move to another locality, the reasons for moving must be examined. Moving for a compelling reason such as a spouse's being transferred by an employer or who has a guarantee of a new job is considered to be good cause. However, quitting a job for a non-compelling reason such as a desire to relocate to another area to seek work or be closer to family is not held to be good cause.

In determining good cause, the Utah Employment Security Act stresses that a spouse must be moving to accept substantial employment. In the present case, the claimant's spouse was moving to attend school and the family was to accompany him. It is therefore held, the claimant voluntarily left work for personal non-compelling reasons and it is not considered good cause in accordance with the Utah Employment Security Act.

While "good cause" is not limited to resigning in order to join a spouse who is accepting substantial employment, there is no indication here that the Board's determination regarding "good cause" was either arbitrary, unreasonable, or beyond its discretion. Competent evidence in the record supported the Board's decision. *Whitcombe v. Dept. of Employment Security, Industrial Comm.,* Utah, 563 P.2d 807 (1977); *Martinez v. Board of Review, Department of Employment Security,* 25 Utah 2d 131, 477 P.2d

587 (1970). The record paralleled the referee's finding that:

> The claimant voluntarily left her employment to relocate with her husband in Sacramento, California. He had been accepted into law school there. Neither the claimant nor her husband had any definite prospects of employment.

We reject claimant's premise that in order to preserve her marriage she had no choice except to accompany her husband. Quitting work so that a spouse may attend school involves a personal lifestyle consideration rather than an external pressure. It is not the same as joining a spouse who has secured employment in another location. Higher education is a praiseworthy goal— but a personal, unforced one nonetheless. On the other hand, employment at another locality in the workforce is in the nature of an external pressure much more necessary for a family's immediate economic survival.

*Mountain States Tel. and Tel. Co. v. Dept. of Labor and Employment,* 38 Colo.App. 298, 559 P.2d 252 (1976) is unpersuasive because it is distinguishable from the case at bar since Colorado's statutes are dissimilar to Utah's. Other cases relied upon by claimant such as *Briggs v. Industrial Commission,* 36 Colo.App. 292, 539 P.2d 1303 (1975) and *Ayers v. Employment Security Dept.,* 85 Wash.2d 550, 536 P.2d 610 (1975) are not compelling since in those cases the claimant left employment to join a spouse who had secured other employment rather than to join a spouse who was pursuing an advanced degree.

Claimant also contends that the Board determined that it was not contrary to "equity and good conscience" to impose a disqualification against her, and that this determination was unsupported by the evidence. However, we have reviewed the facts which were presented to the appeals referee in relation to the "equity and good conscience" standard and find competent evidence to support the Board's ruling against claimant. In light of the purposes of the Employment Security Act and the reasonableness of claimant's actions, the Board did not abuse its discretion.

The case is affirmed. No costs are awarded.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.