ACTION KEY PUNCH SERVICE, INC., Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO and Deborah J. Butler, Respondents.

No. 85CA0329.

Colorado Court of Appeals, Div. III.

Oct. 24, 1985.

Bourke and Jacobs, P.C., Charles H. Jacobs, Peter S. Ely, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

No appearance for respondent Deborah J. Butler.

METZGER, Judge.

Action Key Punch Service, Inc., (employer) seeks review of a final order of the Industrial Commission granting a full award of benefits to Deborah Butler (claimant) on the grounds that the termination of her employment was the result of her refusal, with good cause, "to work overtime without reasonable advance notice." We set the order aside.

Claimant was a key punch operator. On Thursday, April 19, 1984, the employer announced that there would be mandatory overtime work for the following Saturday. Mandatory overtime was sometimes required by the employer, and claimant had worked overtime on prior occasions.

Upon learning of the overtime, claimant reminded her supervisor that she would be unable to work on Saturday because she was planning a birthday party for her husband. The supervisor told claimant that if she did not work on Saturday she would be placed "on-call." "On-call" meant that claimant would report only if called, and claimant interpreted this to mean she was discharged. Consequently, claimant did not return to her job after April 19.

Contrary to the employer's evidence, claimant testified that she was not told that it was possible to make up the overtime. Further, she stated that she could not have worked overtime on Thursday because of a doctor's appointment, nor on Friday because it was a religious holiday.

The Commission held that claimant was discharged for refusal to work the mandatory overtime. Further, it found that claimant was unable to work overtime on Thursday and Friday, and that the birthday party constituted "good cause" for refusing to work on Saturday. See § 8–73–108(4)(k), C.R.S. (1984 Cum.Supp.).

The employer contends that the Commission erred in finding that claimant's desire to give a birthday party for her husband constituted "good cause" for failing to work overtime on Saturday. We agree.

Section 8–73–108(4)(k) limits "good cause" for refusing to work overtime to "compelling personal reasons affecting either the worker or his immediate family." The statute does not provide examples of "compelling personal reasons," nor do we find any Colorado cases interpreting the statute.

■ We interpret the statute in light of the General Assembly's statement that

"unemployment insurance is for the benefit of persons unemployed through no fault of their own; and that each eligible individual who is unemployed through no fault of his own shall ... receive a full award of benefits." Section 8–73–108(1)(a), C.R.S. (1984 Cum.Supp.). "Fault," as that term is used in the statute, "is not limited to something worthy of censure but must be construed as meaning failure or volition." *City & County of Denver v. Industrial Commission*, 666 P.2d 160 (Colo.App.1983).

■ In our view, "compelling personal reasons affecting either the worker or his immediate family" are circumstances so significant that they would deprive a reasonable person of the ability to make a truly volitional choice about whether to work overtime. The compulsion engendered by a given set of circumstances must be judged by an objective standard rather than by the claimant's subjective outlook. *See Gatewood v. Russell*, 29 Colo.App. 11, 478 P.2d 679 (1970).

The foregoing analysis is supported by *Evenson v. California Unemployment Insurance Appeals Board*, 62 Cal.App.3d 1005, 133 Cal.Rptr. 488 (1976). In *Evenson*, the court considered whether an employee's disenchantment with a union constituted sufficient "good cause" for his refusal to pay union dues. It determined that he was not entitled to benefits after his employment was terminated because of that refusal. The court stated that "good cause may exist for personal reasons but those reasons must be so imperative and compelling as to make the voluntary leaving involuntary." The court stated the test as follows:

> "In general, good cause as used in an unemployment compensation statute, means such a cause as justifies an employee's voluntarily leaving the ranks of the employed; the quitting must be for such a cause as would, in a similar situation, reasonably motivate the average able-bodied and qualified worker to give up his or her employment with its certain wage rewards in order to enter the ranks of the unemployed."

■ Applying these principles here, we conclude that the Commission's findings of fact do not support the conclusion that claimant quit for compelling personal reasons. *See* § 8–74–107(6)(c), C.R.S. (1984 Cum.Supp.). While claimant understandably desired to give the birthday party for her husband, we do not think a reasonable person would refuse to work overtime and thereby sacrifice employment for this reason.

The employer further contends that we should hold that claimant is disqualified from receiving benefits, as a matter of law, pursuant to § 8–73–108(5)(e)(I), C.R.S. (1984 Cum.Supp.) (quitting because of dissatisfaction with standard hours of work). We decline to do so.

■ The Commission noted that there was evidence that claimant's termination was attributable to harassment not related to performance of the job. If such were found to be the cause of the termination, claimant would be entitled to benefits under § 8–73–108(4)(*o*), C.R.S. (1984 Cum. Supp.). However, the Commission declined to make findings in this regard because, in its view, § 8–74–108 (4)(k) was dispositive. Since the harassment issue has not been considered, it would be improper for this court to enter any order concerning claimant's ultimate right to benefits.

The order of the Commission is set aside. The cause is remanded to the Commission with instructions to refer the matter to a referee for entry of appropriate findings and entry of a new order. Further hearings may be held at the discretion of the Commission.

BERMAN and TURSI, JJ., concur.