**ROSE MEDICAL CENTER HOSPITAL ASSOCIATION, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE of the STATE OF COLORADO, and Fany Benzazon, Respondents.**

No. 87CA1963.

Colorado Court of Appeals, Div. III.

June 30, 1988.

Cordova, DeMoulin, Harris & Mellon, P.C., Donald E. Cordova, John S.L. Sackett, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Karen E. Leather, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

No appearance for respondent Fany Benzazon.

METZGER, Judge.

The employer, Rose Medical Center Hospital Association, seeks review of an order of the Industrial Claim Appeals Office (Panel) awarding unemployment compensation benefits to claimant. We set aside the order and remand with directions.

The referee disqualified claimant for benefits pursuant to § 8–73–108(5)(e)(VI), C.R.S. (1986 Repl.Vol. 3B) (insubordination such as deliberate disobedience of a reasonable instruction of an employer). On appeal, the Panel found that claimant had, indeed, refused to follow the employer's request that she be trained to push laundry carts. However, the Panel found claimant's testimony that she was unable to push the carts to be the more credible evidence and held that the employer's request was not reasonable; therefore, it reversed the disqualification imposed by the referee.

The Panel urges us to affirm its order on the basis that the record contains substantial evidence which is sufficient to support its decision. The employer, however, contends that the Panel applied an erroneous standard in determining whether the employer's request was reasonable. We agree with the employer.

In choosing to accept claimant's assertion that she would be unable to push laundry carts, the Panel used a subjective standard to determine whether the employer's request was reasonable; that is, it based its finding of unreasonableness on the employee's subjective belief that she could not perform the duty requested.

We have held in other cases involving eligibility for unemployment benefits that an objective standard is the appropriate measure for determining eligibility. *See Action Key Punch Service, Inc. v. Industrial Commission,* 709 P.2d 970 (Colo.App. 1985); *Gatewood v. Russell,* 29 Colo.App. 11, 478 P.2d 679 (1970). We now hold that an objective standard is also the proper standard for reviewing the reasonableness of an employer's request under § 8–73–108(5)(e)(VI), C.R.S. (1986 Repl.Vol. 3B). In assessing the reasonableness of such a request, the Panel must consider the facts and circumstances of each case, using its independent judgment to determine whether the request which claimant refused was one which a reasonable person would have refused.

Here, the employer's willingness to accommodate claimant's concerns, as indicated by the delay in scheduling her for training, by the supervisor's assurance that claimant could request assistance if the carts proved too heavy, and by the offer to provide training by the occupational therapy department, evidences the reasonableness of the employer's request. Claimant's refusal to comply with such a request, in the face of uncontradicted medical evidence that she was physically able to do so, may constitute insubordination as defined in § 8–73–108(5)(e)(VI), sufficient to disqualify her from the receipt of benefits.

Accordingly, the order is set aside, and the cause is remanded with directions that the Panel reconsider the evidence and apply the objective standard in determining eligibility for benefits.

STERNBERG and HUME, JJ., concur.