**Shirley WARGON, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado, and Alta Mode, Inc., Respondents.**

**No. 89CA1108.**

Colorado Court of Appeals, Div. II.

Jan. 25, 1990.

Eric J. Pringle, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Carol A. Finley, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Robert A. Calvert, Denver, for respondent Alta Mode, Inc.

Opinion by Judge DAVIDSON.

Claimant, Shirley Wargon, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which disqualified her from the receipt of benefits. We set aside the order and remand with directions.

Claimant was employed by respondent Alta Mode, Inc., as a clothing store salesperson from August 1987 through March 29, 1988. She was the only non-owner salesperson. Pursuant to her verbal hiring agreement, claimant's monthly compensation was a base salary of $1500 plus a bonus of $200. Claimant testified she quit a retail clothing sales job where her compensation was based on a commission to accept this job mainly because she wanted the stability and security of a monthly salary.

On March 29, 1988, one of the owners informed claimant that beginning April 1, 1988, her compensation structure would be changed. Instead of receiving a base monthly salary plus bonuses, claimant would be compensated strictly on commission. She would receive a 10 per cent commission on her sales plus her bonus.

Claimant resigned the next day citing the change in compensation structure.

Based on evidence presented by employer concerning claimant's sales, the hearing officer found that the new method of compensation would not result in a substantial reduction in claimant's income. He further found that the new method of paying wages was "substantially fair" and that claimant did not act reasonably in refusing to accept it. Consequently, the hearing officer disqualified claimant from the receipt of benefits pursuant to § 8–73–108(5)(e)(I), C.R.S. (1986 Repl.Vol. 3B) (quitting because of dissatisfaction with standard working conditions). The Panel affirmed the order.

On review, claimant contends that the Panel erred in applying § 8–73–108(5)(e)(I) because claimant's separation from employment followed a change in job duties. We agree.

■ Section 8–73–108(5)(e)(I) provides that an employee is disqualified from receiving benefits if the employee quits because of dissatisfaction with "standard working conditions." However, a finding that a claimant quit because of dissatisfaction with standard working conditions is proper only when there has been no substantial change in claimant's work environment, duties, and conditions. *Martinez v. Industrial Commission*, 657 P.2d 457 (Colo.App.1982).

Here, there was a change in claimant's working conditions immediately prior to her resignation. The Panel has interpreted the hearing officer's findings as implicit determinations that claimant's new wage method did not constitute a substantial change in claimant's working conditions, or that it at least did not result in conditions substantially less favorable to claimant. From our reading of the order, we conclude that, although the hearing officer's findings addressed the applicability of § 8–73–108(5)(e)(VI), they did not correctly address the applicability of § 8–73–108(4)(d) C.R.S. (1986 Repl.Vol. 3B).

Section 8–73–108(4)(d) provides for a full award of benefits if a claimant resigns

because of a substantial change in working conditions, if those conditions become substantially less favorable to the claimant. Accordingly, we must determine first whether a change in method of compensation from salary to commission is a substantial change and, if so, whether that change is substantially less favorable to the claimant.

. [2] Whether a change in working conditions constitutes a substantial change and, if so, whether the substantial change is substantially less favorable to the worker must be judged by an objective standard rather than by a claimant's subjective outlook. Consequently, in assessing the evidence, the issue is whether a reasonable employee in claimant's position would find the change in working conditions to be not only substantial, but also substantially less favorable. *See Rose Medical Center Hospital v. Industrial Claim Appeals Office*, 757 P.2d 1173 (Colo.App.1988); *Action Key Punch Service, Inc. v. Industrial Commission*, 709 P.2d 970 (Colo.App.1985); *Gatewood v. Russell*, 29 Colo.App. 11, 478 P.2d 679 (1970).

A change in duties or a demotion may be a change in working conditions that is substantially less favorable, *Martinez v. Industrial Commission, supra*, as may be a situation in which a claimant has been relieved of administrative or supervisory responsibilities, *Warburton v. Industrial Commission*, 678 P.2d 1076 (Colo.App. 1984), or has had her salary reduced. *See Musgrave v. Eben Ezer Lutheran Institute*, 731 P.2d 142 (Colo.App.1986). Furthermore, intangible factors may adversely affect a work environment or working conditions. *See Gray Moving & Storage, Inc. v. Industrial Commission*, 38 Colo.App. 419, 560 P.2d 482 (1976) (ostracism may evidence a substantial change in working conditions).

Similarly, being paid on a commission rather than on a salary can generate increased risk, responsibility, and stress for a reasonable employee in claimant's position. We therefore hold that a change in the method of compensation from a salary plus bonus to a commission plus bonus consti-tutes a substantial change in claimant's working conditions as a matter of law.

Furthermore, we conclude that, to a reasonable employee in claimant's position, the planned modification in her compensation would constitute a substantially less favorable change in working conditions.

■ The hearing officer concluded that the new compensation method would not result in a substantial reduction in claimant's income and, therefore, did not result in an unfavorable change in working conditions. However, the amount of compensation an employee receives is only one factor of many which may be considered in evaluating work environment or conditions, and was not the critical factor in evaluating the impact of the job change on claimant.

Because of the possibly greater security of a salaried job, many employees, including claimant, consider it preferable to be paid in that manner. In fact, claimant left a commissioned job to work for this employer primarily because she wanted the security and stability of a salary. In explaining her dissatisfaction with a commission, claimant referred to the resultant fluctuation and the unpredictability of monthly income, the increased competition among the sales force, and increased job pressure. We therefore conclude that, as a matter of law, to a reasonable person in claimant's position, the change in compensation method from salary to commission constituted a substantially less favorable change in working conditions.

The order is set aside, and the cause is remanded to the Industrial Claim Appeals Office with directions to award claimant full benefits pursuant to § 8–73–108(4)(d), C.R.S. (1986 Repl.Vol. 3B).

SMITH and TURSI, JJ., concur.