Rex E. MUHLENKAMP, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, and Nor Colo Distributing Company, Respondents.

No. 89CA1491.

Colorado Court of Appeals, Division III.

June 7, 1990.

Rehearing Denied July 5, 1990.

Certiorari Denied Dec. 17, 1990.

Colorado Rural Legal Services, Inc., Ann M. la Plante, Greeley, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Paul H. Chan, Asst. Atty. Gen., Denver, for respondents.

Opinion by Judge JONES.

Rex E. Muhlenkamp, claimant, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which disqualified him from the receipt of unemployment compensation benefits. We affirm.

After a hearing, the hearing officer found that claimant, when hired, was informed that his job duties entailed being both a warehouse worker and a relief driver and that claimant knew for at least a year prior to being terminated that his compensation for the two components of his job was calculated differently. As a warehouse worker, claimant earned a base salary of $390 per week, plus time and one-half for hours worked over 40 hours. As a relief driver, claimant earned his base salary plus three cents per case delivered, with no provision for overtime. Regular route salesmen earned a straight commission of 25 cents per case. Furthermore, while the frequency of relief driving because of illness or vacation of regular route salesmen increased, the calculation of compensation for relief drivers did not vary. Thus, from the time he was hired, claimant was aware that his normal duties as a relief driver would tend to reduce his income.

The hearing officer further found that, at the times pertinent here, claimant was assigned to work as a relief driver, that he refused to complete the assignment unless he was paid more, and that he was discharged for his refusal to complete his route assignment. He finally found claimant was at fault for his separation and disqualified him from the receipt of benefits pursuant to § 8–73–108(5)(e)(XX), C.R.S. (1986 Repl.Vol. 3B) (failure to meet established job performance or other defined standards). The Panel affirmed, concluding that claimant "was discharged because he refused to perform his *normal duties* as a relief driver." (emphasis added)

Claimant contends that the findings of the hearing officer do not support the application of § 8–73–108(5)(e)(XX). We disagree.

In determining whether findings of fact support the application of a section, we are to examine the findings and the record as a whole to determine whether the decision is justified. *See Southwest Forest Industries, Inc. v. Industrial Commission,* 719 P.2d 1098 (Colo.App.1986). The fact-finder is not held to a crystalline standard when it articulates its findings. If the decision is justified, it may not be set aside on the technicality of unclarity of expression. *See In re Claim of Allmendinger v. Industrial Commission,* 40 Colo.App. 210, 571 P.2d 741 (1977).

From our review of the record and the findings, we are satisfied that the findings demonstrate that the relevant statutory factors for the application of § 8–73–108(5)(e)(XX) were considered and that the hearing officer found, on substantial evidence, that claimant was discharged for failure to meet established job performance standards. We therefore find no merit to claimant's contention. *See Southwest Forest Industries, Inc. v. Industrial Commission, supra.*

Claimant also contends that the hearing officer erred as a matter of law in not awarding him benefits pursuant to § 8–73–108(4)(d), C.R.S. (1986 Repl.Vol. 3B) (substantial unfavorable change in working conditions). Claimant asserts, relying on *Wargon v. Industrial Claim Appeals Office,* 787 P.2d 668 (Colo.App.1990), that when the frequency with which he was called upon to be a relief driver increased, the change in compensation during that time from that of a warehouse worker constituted a substantial change in his working conditions which is less favorable to him. Again, we disagree.

In *Wargon,* this court held that "a change in the method of compensation from a salary plus bonus to a commission plus bonus constitutes a substantial change in ... working conditions as a matter of law." In so holding, the court noted that claimant there, who had left a job paying commissions to accept another job because she wanted the stability and security of a monthly salary, was given two days notice that her compensation structure would

change from salary plus bonuses to strict commission plus bonuses. She resigned citing the change in compensation.

We hold that the *Wargon* rule does not apply in this case. Here, claimant knew from the outset that his normal duties as to each of the two components of his job would be compensated on a different basis. Thus, claimant experienced no "change" in the method of compensation as the salesperson did in *Wargon*, and the objective standard test of *Wargon* has not been met by claimant. Therefore, § 8–73–108(4)(d), C.R.S. (1986 Repl.Vol. 3B) cannot apply here.

Since the findings of evidentiary fact are not contrary to the weight of the evidence, and support the conclusion to apply § 8–73–108(5)(e)(XX), we will not disturb that decision on review. *See Federico v. Brannan Sand & Gravel Co.*, 788 P.2d 1268 (Colo.1990); *Mountain States Telephone & Telegraph Co. v. Industrial Commission*, 697 P.2d 418 (Colo.App.1985).

Order affirmed.

STERNBERG and NEY, JJ., concur.