25CA1287 Willis v ICAO 10-30-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1287
Industrial Claim Appeals Office of the State of Colorado
DD No. 1490-2025

Diaz Willis,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Tech Electronics Co,

Respondents.

ORDER AFFIRMED

Division VI
Opinion by JUDGE BERGER*
Welling and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

Diaz Willis, Pro Se

No Appearance for Respondent Industrial Claim Appeals Office

Nichole R. Williams, Louisville, Colorado, for Respondent Tech Electronics Co.


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1 In this unemployment compensation benefits case, claimant, Diaz Willis, seeks review of a final order of the Industrial Claim Appeals Office (Panel). The Panel affirmed the hearing officer's decision disqualifying Willis from receiving benefits based on his job separation from Tech Electronics. We affirm.

## I. Background

¶ 2 Tech Electronics employed Willis as a fire sprinkler fitter and inspector from November 11 to November 21, 2024. Willis applied for unemployment benefits with the Division of Unemployment Insurance (Division), claiming that Tech Electronics terminated him because he "made too much money" and "made too many mistakes." A Division deputy initially determined that Willis was entitled to benefits and was discharged for reasons that did not result in a disqualification.

¶ 3 Tech Electronics appealed, maintaining that it terminated Willis because he agreed to immediately obtain a required pipe fitter's license but did not do so or take steps to do so. Following an evidentiary hearing, the hearing officer reversed the deputy's decision, finding that Willis did not obtain, and took no steps toward obtaining, the license. The hearing officer found that the

1

license was required by the State of Colorado, and Tech Electronics was unable to allow Willis to perform work without it. The hearing officer next found that Willis previously held such a license and understood that he needed to take a test to again obtain the license, but that he took no proactive steps to register for the test or begin the process of scheduling the exam. The hearing officer further found that a reasonable person in the same or similar circumstances would not have found an employer's requirement to obtain a license objectively unreasonable and, thus, because Willis refused or disobeyed the reasonable request, he was disqualified from receiving benefits by section 8-73-108(5)(e)(VI), C.R.S. 2025 (insubordination for failing to obtain license necessary to perform a job).

¶ 4    Willis appealed the hearing officer's decision to the Panel, which affirmed upon review and added that Willis was also disqualified from receiving benefits under section 8-73-108(5)(e)(XX) — failing to meet job performance standards — because Willis was aware that Tech Electronics expected him to obtain the license and he failed to take any action to do so.

## II. Discussion

¶ 5     Willis asks us to set aside the Panel's order, contending as follows:

- He did not have enough time after his hiring to take the test required to obtain the license and Tech Electronics was not clear about the amount of time he had to obtain the license.

- He did not have money to take the test.

- Tech Electronics did not provide him a company handbook which would have "likely" mentioned when he should have obtained his license.

- He did not perform negligent work.

### A. Standard of Review

¶ 6     We may set aside the Panel's decision only if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the factual findings do not support the decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(6), C.R.S. 2025. We are bound by the hearing officer's findings of fact if they are supported by substantial evidence in the record. § 8-74-107(4). We review de novo ultimate conclusions of fact and

3

ultimate legal conclusions. *Harbert v. Indus. Claim Appeals Off.*, 2012 COA 23, ¶¶ 8-9.

### B.    Applicable Law

¶ 7     A claimant's entitlement to benefits is determined by the reason for their separation from employment. *Simon v. Indus. Claim Appeals Off.*, 2023 COA 74, ¶ 20. To ascertain the reason for separation, "the trier of fact must evaluate the totality of the evidence and determine the motivating factors in the employee's separation and then determine whether, based upon those factors, [the] claimant is entitled to, or disqualified from, the receipt of benefits." *Eckart v. Indus. Claim Appeals Off.*, 775 P.2d 97, 99 (Colo. App. 1989).

¶ 8     An individual is disqualified from receiving unemployment benefits if the separation from employment occurred for "insubordination," including the "refusal or failure to obtain, maintain, or renew licenses." § 8-73-108(5)(e)(VI). An objective standard must be applied in analyzing a disqualification under section 8-73-108(5)(e)(VI) for insubordination. *Rose Med. Ctr. Hosp. Ass'n v. Indus. Claim Appeals Off.*, 757 P.2d 1173, 1174 (Colo. App. 1988). Under that standard, the Panel must use its independent

4

judgment to determine whether, under the particular facts and circumstances of each case, the request that claimant refused was one that a reasonable person would have refused. *Id.*

¶ 9      An individual is also disqualified from receiving unemployment benefits if the separation from employment occurred for "reasons including, but not limited to," the failure to "meet established job performance or other defined standards." § 8-73-108(5)(e)(XX).  A claimant is properly disqualified under this subsection if he knew what was expected of him and failed to "satisfactorily perform the job thereafter." *Pabst v. Indus. Claim Appeals Off.*, 833 P.2d 64, 64-65 (Colo. App. 1992).

¶ 10     Whether a claimant is at fault for a separation from employment must be determined "on a case-by-case basis, with due consideration given to the totality of the circumstances in each particular situation." *Morris v. City & County. of Denver*, 843 P.2d 76, 79 (Colo. App. 1992).

¶ 11     The reason for an employee's job separation and the circumstances surrounding that separation are matters for the hearing officer, as the trier of fact, to resolve.  *See Eckart*, 775 P.2d at 99.  We may not disturb a hearing officer's factual findings if they

are "supported by substantial evidence or reasonable inferences drawn from that evidence." *Yotes, Inc. v. Indus. Claim Appeals Off.*, 2013 COA 124, ¶ 10; *see also* § 8-74-107(4) (a hearing officer's factual findings are conclusive if they are supported by substantial evidence).

¶ 12    Because Willis appears pro se, "we liberally construe his filings while applying the same law and procedural rules applicable to a party represented by counsel." *Gandy v. Williams*, 2019 COA 118, ¶ 8. Accordingly, we seek to effectuate the substance, rather than the form, of his briefing. *People v. Cali*, 2020 CO 20, ¶ 34. We may not, however, rewrite his arguments or act as an advocate on his behalf. *Johnson v. McGrath*, 2024 COA 5, ¶ 10.

## C.    Evidence at the Hearing

¶ 13    Tech Electronics' CEO testified that Willis was discharged for failing to obtain the required state license and because of subpar work that cost the employer money and caused safety issues. He testified that Willis's lack of a license was the "driving factor" behind the termination. He testified that obtaining the license was discussed when Willis was hired and it was a condition for employment of any fire sprinkler fitter that they "immediately start

6

getting the license."  He explained that the exam for the license can be scheduled online and that there are books needed to study, which Tech Electronics provides and were available to Willis.  He clarified that the "license is required by the state" and that it "is not negotiable to do the work."

¶ 14    A second Tech Electronics supervisory employee testified that she believed that Willis was aware that he needed to obtain the license and the first step in that process was to schedule the exam.  She testified that she understood that Willis might not have completed the exam during his eleven days of employment, but she expected that he would have scheduled the exam during that time.

¶ 15    Willis testified that he had a fire sprinkler fitter's license in the past and described in detail what needed to be done to obtain a current license.  He testified that he was advised when he was hired that he needed to obtain a license but that he did not take steps to schedule the exam because he "was busy at work all those days."  When asked if Willis needed anything from Tech Electronics to start scheduling the exam, he said "no, you go online and use the computer."  He also testified that Tech Electronics told him they would provide "books" to take the test, but he was "never given the

opportunity to." Nevertheless, Willis admitted that he did not need the books to schedule the test.

### D. Analysis

¶ 16    Willis's main contention on appeal is that he did not have time to take the test required to obtain a license. However, the hearing officer found that Willis was told that he needed to "immediately" obtain a sprinkler fitter license and "did not take any proactive steps to register for the test, or begin the process to schedule the examination." Indeed, Willis testified that he was advised that he needed to obtain the license but took no steps to schedule the exam because he was "busy." It is the hearing officer's responsibility, as trier of fact, to weigh the evidence, assess credibility, resolve conflicts in the evidence, and determine the inferences to be drawn therefrom. *Hoskins v. Indus. Claim Appeals Off.*, 2014 COA 47, ¶ 10.

¶ 17    To the extent that Willis argues Tech Electronics' expectation that he immediately schedule and take the exam in order to obtain the license was unreasonable, we disagree. Willis testified that he was told he needed to immediately obtain the license and testified at length about how to do so. Tech Electronics employees also

8

testified that a license was required to do the work, that Willis was aware of their expectation that he immediately acquire the license, and that they had study materials available for him.

¶ 18 The hearing officer found that Tech Electronics' instructions were reasonable and that a reasonable person in the same or similar circumstances would not have found the instructions unreasonable. *See Rose Med. Ctr. Hosp. Ass'n*, 757 P.2d at 1174. The Panel agreed that a reasonable person who was aware that a state-issued license was required to perform the job duties would not fail to initiate the testing process and, thus, disqualification was proper under both section 8-73-108(5)(e)(VI) and (XX). The record contains substantial evidence to support the hearing officer's findings.

¶ 19 Willis had the opportunity to act volitionally and to exercise some control over the circumstances resulting in his discharge by making arrangements to schedule the exam required to obtain the license. Ultimately, he failed to take reasonable measures to preserve his employment. *See Montano v. Indus. Comm'n*, 464 P.2d 518, 519 (Colo. 1970) ("It seems entirely reasonable to hold that a claimant who neglects to take those precautions to guard his job

which a reasonably prudent person would take, and who is not permitted to work as a consequence thereof, in effect leaves his employment voluntarily."). Therefore, we cannot conclude there was any error in the Panel's determination that Willis was disqualified from receiving unemployment benefits.

¶ 20    As for Willis's assertions that he did not have money to take the test and that the company did not provide a handbook which would have "likely" informed him of when he should have obtained his license, he did not present these arguments to the hearing officer. Accordingly, we cannot consider these new factual assertions because our review is limited to the evidence that the parties presented to the hearing officer. *See Sosa v. Indus. Claim Appeals Office*, 259 P.3d 558, 561 (Colo. App. 2001) (appellate court may not consider new assertions or outside materials not presented at the hearing).

¶ 21    Lastly, Willis argues that his work was not subpar. Although Tech Electronics presented evidence at the hearing that Willis's work did not meet industry standards, Tech Electronics' CEO testified that the fact that Willis "didn't have the license to do the work and had not made any efforts to get it was really the driving

factor" behind termination. And the hearing officer found that Willis was terminated because he failed to obtain the license, not because of any purportedly subpar work. To the extent that Willis challenges this finding and argues that Tech Electronics actually fired him because it believed he performed subpar work, we are unable to reweigh the evidence supporting the hearing officer's decision. *See Delta Drywall v. Indus. Claim Appeals Off.*, 868 P.2d 1155, 1157 (Colo. App. 1993) (findings based on conflicting evidence are conclusive on review).

## III.  Attorney Fees

¶ 22    Tech Electronics requests its attorney fees under C.A.R. 38(b), claiming that Willis's appeal is frivolous.

¶ 23    Appeals can be frivolous in two ways: (1) they may be frivolous as filed where the judgment by the court below is so plainly correct and the legal authority contrary to appellant's position so clear that there is really no appealable issue; or (2) an appeal may be frivolous as argued where the appellant commits misconduct in arguing the appeal. *Averyt v. Wal-Mart Stores, Inc.*, 2013 COA 10, ¶ 40. "Standards for determining whether an appeal is frivolous should be directed toward penalizing egregious conduct . . . ." *Mission*

11

*Denv. Co. v. Pierson*, 674 P.2d 363, 365 (Colo. 1984). C.A.R. 38(b) should, therefore, only be used to impose sanctions in clear and unequivocal cases when the appellant presents no rational argument, or when the appeal is prosecuted for the sole purpose of harassment or delay. *Wood Bros. Homes, Inc. v. Howard*, 862 P.2d 925, 934-35 (Colo. 1993); *Mission Denv. Co.*, 674 P.2d at 365-66.

¶ 24 We acknowledge Willis's statement that he "just wanted to move on" but received a notice from the Division that he would have to repay the benefits he received but was not entitled to and therefore decided to appeal the final order. However, especially considering Willis's pro se status, we cannot say that as a whole Willis's arguments have no rational basis in law or were made for the sole purpose of harassment or delay. Accordingly, we decline to award Tech Electronics its appellate attorney fees. *See Mission Denv. Co.*, 674 P.2d at 366.

## IV. Disposition

¶ 25 We affirm the Panel's order.

JUDGE WELLING and JUDGE SULLIVAN concur.

12