SURVEY SOLUTIONS, INC., Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS
OFFICE OF the STATE of Colorado
and Bonnie R. Berg, Respondents.

No. 97CA1897.

Colorado Court of Appeals,
Div. V.

April 16, 1998.

Podoll & Podoll, P.C., Robert C. Podoll, Richard C. Hopkins, Denver, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

No Appearance for Respondent Bonnie R. Berg.

Opinion by Judge KAPELKE.

Survey Solutions, Inc., (employer) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which affirmed an order of the hearing officer awarding Bonnie R. Berg (claimant) unemployment compensation benefits. We set aside the order and remand for entry of an order denying benefits.

Following an evidentiary hearing, the hearing officer found that two events were the direct and proximate cause of the claimant's resignation from her employment. As to the first incident, the hearing officer found that when the claimant brought to work a dance trophy that had been awarded to her seven-year-old daughter, employer's president made a comment to the effect that the claimant had better watch out because soon the daughter would be performing "in a strip tease joint." The hearing officer further found that this was a clearly offensive comment and that, even if it had been intended in humor, the comment was in extremely bad taste.

With respect to the second incident, the hearing officer found that the president had made extremely "unpleasant and unflattering" comments to claimant's husband's new boss concerning the work abilities of claimant's husband, who had previously worked for employer.

The hearing officer concluded that claimant was entitled to an award of benefits pursuant to § 8–73–108(4)(*o*), C.R.S.1997, because she had quit her employment as a result of "personal harassment by the employer not related to the performance of the job."

On review, the Panel determined that the findings as to the first incident alone supported the award of benefits pursuant to § 8–73–108(4)(*o*). The Panel affirmed the award of benefits on that basis and did not address whether the president's comments about the claimant's husband also constituted "personal harassment" under the statutory subsection.

On appeal, employer contends that the Panel erred in determining that the first incident was "personal harassment" under the statute and a proximate cause of the claimant's resignation. We agree that the conduct did not amount to personal harassment within the meaning of the statute.

Under § 8–73–108(4)(*o*), a claimant may be awarded unemployment benefits if he or she quits "because of personal harassment by the employer not related to the performance of the job." The statute does not define personal harassment.

Webster's Third New International Dictionary 1031 (1986) defines "harassment" as the state of being "harassed," and defines "harass" as "to vex, trouble, or annoy continually or chronically."

Divisions of this court have held that an objective standard is the appropriate measure for determining a claimant's entitlement to benefits. *See Wargon v. Industrial Claim Appeals Office,* 787 P.2d 668 (Colo.App.1990); *Rose Medical Center Hospital Ass'n. v. Industrial Claim Appeals Office,* 757 P.2d 1173 (Colo.App.1988).

██ We conclude that an objective standard, rather than a subjective one based on the particular claimant's own sensitivities or reactions, should also govern the determination whether an employer's actions constitute "personal harassment" under § 8–73–108(4)(*o*). Thus, the issue is whether a reasonable person in the claimant's position would have found the employer's conduct to be so vexing, troubling, and annoying as to warrant resignation from employment.

■ As noted, the Panel addressed only the first incident. We conclude that this incident, standing alone, does not constitute personal harassment within the meaning of the statute. While the comment of employer's president relating to claimant's daughter may have been considered offensive by claimant, it was not, in our view, conduct that a reasonable person would find to be so vexing, troubling, and annoying as to warrant quitting a job.

While we recognize that a division of this court has indicated that conduct need not be continuous or ongoing in order to be personal harassment, *see Marlin Oil Co. v. Industrial Commission,* 641 P.2d 312 (Colo.App.1982), the isolated comment of the employer here nevertheless falls short of the required standard.

■ Although the Panel did not address the second incident—involving the criticism of claimant's husband—we conclude that such conduct also did not amount to personal harassment of the claimant.

In the hearing before the ALJ, the claimant testified that she had been told by her husband that he had been informed by his new boss that employer's president had "verbally slandered" the husband "and his work ability." Claimant did not elaborate on what the actual comments had been. Nor did she indicate that the comments of employer's president had been made to or in any way directed at *her.*

Under these circumstances, the record does not support a finding that this conduct amounted to personal harassment of the claimant.

We therefore conclude that the two incidents, considered either separately or collectively, do not constitute personal harassment of the claimant within the meaning of § 8–73–108(4)(*o*) and do not support an award of unemployment compensation benefits.

In view of our determination, we need not address employer's contention that the comments concerning claimant's husband's work performance were subject to a claim of qualified privilege.

The order is set aside, and the cause is remanded for entry of an order denying benefits.

MARQUEZ and ROTHENBERG, JJ., concur.