RODCO SYSTEMS, INC., d/b/a Colorado
Technical Staffing, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE OF COLORADO
and Linda M. Berry–Pain, Respondents.

No. 98CA2086.

Colorado Court of Appeals,
Div. I.

June 10, 1999.

Laff, Stein ,Campbell, Tucker, Delaney, Darrel L. Campbell, Englewood, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Hall & Evans, L.L.C., Josh A. Marks, Denver, Colorado, for Respondent Linda M. Berry–Pain.

Opinion by Judge CASEBOLT.

In this unemployment benefits case, petitioner, Rodco Systems, Inc. (employer), seeks review of a final order of the Industrial Claim Appeals Office (Panel) which upheld a hearing officer's decision awarding benefits to respondent, Linda M. Berry–Pain (claimant). The award was made pursuant to § 8–73–108(4)(c), C.R.S.1998 (separation from employment based on unsatisfactory or hazardous working conditions). We affirm.

Following an evidentiary hearing, the hearing officer resolved the conflicting evidence presented as to various possible causes of claimant's separation from this employment, finding that claimant quit because she was subjected to hazardous working conditions that were harmful to her health and morals. Specifically, the hearing officer found that claimant, the employer's business development manager, had discovered that the employer's president was knowingly altering certificates of insurance, without authority to do so, and was falsely representing the employer's insurance coverage to a prospective client in order to obtain a new contract. The hearing officer further found that the president had knowingly failed to rectify the situation after claimant had raised the issue with him.

In addition, the hearing officer found that claimant's health had suffered as a result of the president's activities. She had experienced sleeplessness, depression, panic attacks, and elevated blood pressure. The hearing officer also found that claimant reasonably believed that her personal reputation could be damaged because she could be identified with the president's actions, and that she believed her morals were being compromised by remaining in her job under these circumstances.

Based on these findings, the hearing officer concluded that claimant quit because of "hazardous" working conditions that were "harmful to both her health and her morals" and were "not normal." Accordingly, the hearing officer granted claimant a full award of benefits pursuant to § 8–73–108(4)(c).

On review, the Panel affirmed. However, in rejecting the employer's arguments, the Panel characterized the hearing officer's decision as having been based *solely* on findings that claimant "reasonably believed" that the president's activities were fraudulent, rather than on findings that the president's activities "were, in fact, fraudulent." On that basis, the Panel ruled that the findings supported the award of benefits under § 8–73–108(4)(c), and this appeal followed.

I.

We first reject the employer's challenges to the evidentiary findings made by the hearing officer.

■ Initially, we note that, contrary to the Panel's analysis, the hearing officer's decision

was based on findings of fact made regarding the working conditions actually in existence, and not on findings merely as to claimant's beliefs or perceptions about such circumstances, whether reasonable or otherwise.

Next, we note that the evidence presented, and the reasonable inferences therefrom, were conflicting as to the nature of the president's activities. However, the hearing officer resolved these conflicts adversely to the employer's position, rejecting the employer's innocuous explanation for the president's actions in altering and transmitting the documents in question, and further rejecting its contention that claimant was mistaken in her assessment of these circumstances.

■ We also reject the employer's contention that the hearing officer's findings in this regard were impermissibly based on unreliable and untrustworthy hearsay evidence. Hearsay is admissible in unemployment proceedings. *See Industrial Claims Appeals Office v. Flower Stop Marketing Corp.,* 782 P.2d 13 (Colo.1989) (if hearsay is sufficiently reliable and trustworthy and if it possesses probative value commonly accepted by reasonable and prudent persons, then it may constitute evidentiary support for an administrative agency's decision).

■ Here, the hearsay statements were corroborated by documents introduced at the hearing to which no objections were made by the employer and, to some extent, by the testimony of employer's president himself. Thus, any hearsay evidence had sufficient indicia of reliability.

■ Hence, because the hearing officer's dispositive findings of fact are supported by substantial, although sometimes conflicting, evidence and inferences, these findings are binding on judicial review. *See* § 8–74–107(4), C.R.S.1998; *Tilley v. Industrial Claim Appeals Office,* 924 P.2d 1173 (Colo. App.1996).

## II.

The employer also contends that the findings of fact do not support the award of benefits granted to claimant under the legal standards of § 8–73–108(4)(c) applicable to separations based on unsatisfactory or hazardous working conditions. We disagree.

Section 8–73–108(4)(c) provides that a claimant is entitled to a full award of benefits if the job separation results from "[u]nsatisfactory or hazardous working conditions when so determined by the division." For such purposes, the statute specifically defines "hazardous working conditions" as meaning, in pertinent part, "such conditions, as are determined by the division to exist, that could result in a danger to the physical or mental well-being of the worker."

■ In construing these provisions, we agree with the employer that an objective standard must be used in determining whether the working conditions were "unsatisfactory or hazardous," rather than a subjective standard based on the personal perspectives or beliefs of a particular claimant. *See Survey Solutions, Inc. v. Industrial Claim Appeals Office,* 956 P.2d 1275 (Colo.App.1998) (applying objective standard in determining entitlement issues under another statutory subsection); *Wargon v. Industrial Claim Appeals Office,* 787 P.2d 668 (Colo.App.1990) (same); *see also Rotenberg v. Industrial Commission,* 42 Colo.App. 161, 590 P.2d 521 (1979) (claimant's subjective statements of discomfort insufficient to establish "unsatisfactory or hazardous" working conditions within meaning of § 8–73–108(4)(c)).

■ Contrary to claimant's argument and the Panel's analysis, we also agree with the employer that an award of benefits pursuant to § 8–73–108(4)(c) must be based on a determination that such negative working conditions actually existed, and that a claimant's "reasonable beliefs" about the nature of the working conditions, without more, are not sufficient. *See Arias v. Industrial Claim Appeals Office,* 850 P.2d 161 (Colo.App.1993).

■ Thus, in determining whether a claimant is entitled to benefits under the hazardous working conditions provisions of § 8–73–108(4)(c), the issue is whether a reasonable person in the claimant's position would have found the actual working conditions, as determined by the hearing officer to have existed, to be so detrimental to that worker's physical or mental well-being as to

warrant resignation from employment. *See Survey Solutions, Inc. v. Industrial Claim Appeals Office, supra.*

Contrary to the employer's argument, however, we conclude that this test has been satisfied in this case.

■ Here, the hearing officer found that the employer's president was knowingly falsifying insurance documents in a transaction on which claimant was working, and made further findings as to the adverse effects of those circumstances on claimant's physical health and mental well-being.

■ Based on these findings, we perceive no error in the hearing officer's conclusion that the working conditions experienced by claimant were "hazardous" within the meaning of § 8–73–108(4)(c), because they were harmful to her health and morals and were not normal. Under an objective standard, we further conclude that claimant acted as a reasonable person in quitting her job as a result of those detrimental working conditions.

Correspondingly, we perceive no error in the ultimate determination of the hearing officer and the Panel that claimant quit her job because of "hazardous working conditions" within the meaning of § 8–73–

108(4)(c), and that she is entitled to an award of benefits under these provisions. *See* § 8–74–107(6), C.R.S.1998; *see also Southwest Forest Industries, Inc. v. Industrial Commission,* 719 P.2d 1098 (Colo.App.1986) (upholding award of benefits pursuant to § 8–73–108(4)(c) when claimant quit job because of "unsatisfactory working conditions" within meaning of these provisions).

The employer's remaining contentions of error are also unpersuasive.

### III.

Because we do not find this appeal to be frivolous, we deny claimant's request for an award of attorney fees on appeal pursuant to C.A.R. 38(d).

Order affirmed.

Judge METZGER and Judge TAUBMAN concur.