21CA0893 Piro v ICAO 10-21-2021 COLORADO COURT OF APPEALS Court of Appeals No. 21CA0893 Industrial Claim Appeals Office of the State of Colorado DD No. 19707-2020 Vincent Piro, Petitioner, v. Industrial Claim Appeals Office of the State of Colorado and Division of Unemployment Insurance, Quality Control/BAM, Respondents. ORDER AFFIRMED Division IV Opinion by JUDGE TOW J. Jones and Freyre, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced October 21, 2021 Vincent Piro, Pro Se No Appearance for Respondents 
1 ¶ 1 In this unemployment benefits case, claimant, Vincent Piro, seeks review of a final order of the Industrial Claim Appeals Office (Panel). The Panel affirmed the hearing officer’s decision that Piro is not eligible for Pandemic Unemployment Assistance (PUA) because he had sufficient qualifying wages to file a state unemployment insurance claim. We affirm the Panel’s order. I. Background ¶ 2 After Piro applied for PUA benefits, a deputy for the Division of Unemployment Insurance (Division) issued a decision disallowing Piro’s PUA benefit claim from March 29, 2020, to March 27, 2021. The deputy determined that Piro did not qualify for PUA benefits because he had sufficient qualifying wages from the state of Florida to file a state unemployment insurance claim. ¶ 3 Piro appealed the deputy’s decision. After a hearing, the hearing officer affirmed the deputy’s decision. The hearing officer concluded that Piro was eligible for regular state unemployment benefits because he had more than $2,500 in qualifying wages in his base period. In support of that conclusion, the hearing officer made the following findings of fact: 
2  The effective date of Piro’s PUA benefit claim was March 20, 2020.  Piro’s weekly benefit amount was $618.  Based on the filing date, Piro’s base period was the fourth quarter of 2018 to the third quarter of 2019.  In the first and second quarters of 2019, Piro had $47,163.50 in W-2 wages paid by Davidson Hotel Company, LLC (Davidson), which were reported to the state of Florida.  Piro’s remaining earnings in 2018 and 2019 were paid to him as an independent contractor. ¶ 4 Piro appealed the hearing officer’s decision with the Panel. On review, the Panel affirmed the hearing officer’s decision. II. Preliminary Matters ¶ 5 Before we address the merits of his contentions, we note that Piro attached several documents to the notice of appeal and another document to the opening brief. However, our review is limited to the evidence the parties presented to the hearing officer at the administrative hearing. See Goodwill Indus. of Colo. Springs v. Indus. Claim Appeals Off., 862 P.2d 1042, 1047 (Colo. App. 1993). 
3 Because Piro did not introduce those documents at the administrative hearing, we may not consider them on appeal. See id. Similarly, we may not consider the new factual assertions in Piro’s opening brief because he did not make them at the hearing. III. Analysis ¶ 6 On appeal, Piro appears to challenge only the advice he received when he contacted the Division and the state of Florida in applying for PUA benefits and, liberally construing his pleading, see Minshall v. Johnston, 2018 COA 44, ¶ 10, whether Piro had sufficient qualifying wages to file a state unemployment insurance claim. But the latter was the only issue before the hearing officer and the Panel. ¶ 7 Because our review is limited to the issue that was before the hearing officer and the Panel, we do not address Piro’s other contentions. Instead, we limit our consideration to whether there was substantial evidence in the record to support the hearing officer’s findings about Piro’s qualifying wages for a state unemployment insurance claim and the Panel’s legal conclusions on that issue. After reviewing the record evidence and applying our 
4 applicable standard of review, we conclude that we cannot disturb the hearing officer’s findings or set aside the Panel’s order. ¶ 8 We review de novo the Panel’s legal conclusions. See Cath. Health Initiatives Colo. v. Indus. Claim Appeals Off., 2021 COA 48, ¶ 14. As relevant here, we may only set aside the Panel’s decision if it is not supported by the record or if it is erroneous as a matter of law. See § 8-74-107(6)(c)-(d), C.R.S. 2020. ¶ 9 Moreover, we may not disturb a hearing officer’s factual findings if they are “supported by substantial evidence or reasonable inferences drawn from that evidence.” Yotes, Inc. v. Indus. Claim Appeals Off., 2013 COA 124, ¶ 10; see also § 8-74-107(4) (a hearing officer’s factual findings are conclusive when they are supported by substantial evidence). ¶ 10 A “covered individual” under the Coronavirus Aid, Relief, and Economic Security Act is one who “otherwise would not qualify for regular unemployment or extended benefits under State or Federal law or pandemic emergency unemployment compensation.” 15 U.S.C. § 9021(a)(3)(A)(ii)(II). An unemployed individual is eligible to receive Colorado unemployment compensation benefits if he has been paid wages during his base period that are “not less than forty 
5 times such individual’s weekly benefit amount or [$2,500], whichever is greater.” § 8-73-107(1)(e), C.R.S. 2020. ¶ 11 There is substantial record evidence supporting the hearing officer’s findings that Piro had sufficient qualifying wages to apply for a state unemployment insurance claim. Indeed, a representative for the Division explicitly testified to each of the above-referenced factual findings made by the hearing officer. ¶ 12 Further, Piro confirmed that he had (1) filed for PUA benefits on March 29, 2020; and (2) received “47,000 and change” in W-2 income from Davidson in 2019. ¶ 13 Based on these facts, Piro was eligible for Colorado unemployment insurance benefits under section 8-73-107(1)(e) because he had sufficient qualifying wages during his base period. That is, Piro was paid wages during his base period ($47,163.50) that were not less than his weekly benefit amount of $618 multiplied by forty ($24,720). Because he was eligible to apply for regular unemployment benefits, Piro was not eligible for PUA benefits. See 15 U.S.C. § 9021(a)(3)(A)(ii)(II). ¶ 14 Although Piro testified that he changed his status to an independent contractor with Davidson in February or March 2019, 
6 and the majority of the income he received from them was 1099 income, the fact that he also received 1099 income that exceeded the amount of his W-2 income does not change the result. Nor does the fact that Piro paid Colorado state income tax on his earnings from Davidson. The statute only requires that Piro have a certain amount of qualifying wages during his base period to be eligible for state benefits. ¶ 15 Because the hearing officer’s findings are supported by substantial evidence in the record, we may not disturb them on review. See Yotes, ¶ 10. Under these circumstances, we cannot conclude that the Panel’s order was legally erroneous or unsupported by the factual findings. Thus, we may not set aside the Panel’s order on review. See § 8-74-107(6)(c)-(d). IV. Conclusion ¶ 16 The Panel’s order is affirmed. JUDGE J. JONES and JUDGE FREYRE concur.