21CA1504 Cleveland v ICAO 01-20-2022 COLORADO COURT OF APPEALS Court of Appeals No. 21CA1504 Industrial Claim Appeals Office of the State of Colorado DD No. 27807-2021 Taylor Cleveland, Petitioner, v. Industrial Claim Appeals Office of the State of Colorado and Adams QB Inc., Respondents. ORDER AFFIRMED Division II Opinion by JUDGE KUHN Furman and Pawar, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 20, 2022 Taylor Cleveland, Pro Se No Appearance for Respondents 
1 ¶ 1 In this unemployment benefits case, claimant, Taylor Cleveland, seeks review of a final order of the Industrial Claim Appeals Office (Panel). We affirm the Panel’s order. I. Background ¶ 2 Cleveland applied for unemployment benefits the day she separated from her employment with Adams QB Inc. A deputy for the Division of Unemployment Insurance issued a decision determining, as relevant here, that (1) Adams paid Cleveland $1,250 in wages during her base period of July 1, 2019, to June 30, 2020; and (2) the Division had overpaid Cleveland unemployment benefits in the amount of $2,074. ¶ 3 Cleveland appealed the deputy’s decision, asserted that Adams had not correctly reported her wages, and supplied copies of her pay stubs. After considering the records Cleveland submitted, the deputy issued a redetermination, concluding that the wages reported by Adams were correct because wages earned before or after the base period could not be used in this claim. ¶ 4 Cleveland next appealed the deputy’s redetermination. She asserted that her base period should be October 1, 2019, to 
2 December 30, 2020 — the last day she worked for Adams and the date she filed her claim for unemployment benefits. ¶ 5 After an administrative hearing, the hearing officer affirmed the deputy’s decision, concluding that (1) Adams had correctly reported Cleveland’s wages; and (2) Cleveland’s base period was July 1, 2019, through June 30, 2020. In support of those conclusions, the hearing officer made the following findings of fact: • The effective date of Cleveland’s unemployment benefits claim was December 27, 2020. • Cleveland worked for Adams from June 8, 2020, through December 30, 2020. • Cleveland’s first pay period with Adams was June 1, 2020, through June 14, 2020. She was paid gross wages on June 19, 2020, for that pay period in the amount of $1,250. • Cleveland’s second pay period with Adams was June 15, 2020, through June 28, 2020. She was paid gross wages on July 3, 2020, for that pay period in the amount of $2,500. 
3 • Although Cleveland earned wages for the second pay period in June 2020, she was not paid for those wages until July 3, 2020. • Adams was only required to report wages for the second quarter of 2020 that had actually been paid to Cleveland in June 2020. • Wages for the second pay period in June were paid in the third quarter of 2020, and thus fell outside of Cleveland’s base period for this claim. ¶ 6 Cleveland appealed the hearing officer’s decision to the Panel, arguing that (1) the hearing officer did not consider certain facts that were “critical to [her] case and the decision,” including the circumstances surrounding the separation of her employment with Adams, the difficulty she had in communicating with the Division, the inconsistent advice she received from customer service representatives, and the fact that this would not be an issue if she had filed her claim two days later; and (2) the total amount she earned from Adams in June 2020 should be included in her base period, regardless of when she was paid. 
4 ¶ 7 On review, the Panel affirmed the hearing officer’s decision, concluding that the hearing officer properly determined that the wages in the second pay period should not be included in Cleveland’s base period because, although those wages had been earned, they had not been paid during her base period. II. Analysis ¶ 8 Cleveland challenges the hearing officer’s finding that the wages she earned from Adams during the second pay period should not be included in her base period because they were not paid until the following month. She contends that the wages she earned during her base period should be included regardless of when they were paid. She also reiterates her difficulties in communicating with the Division, the inconsistent advice she received, the timing of her claim filing, and the circumstances surrounding the separation of her employment with Adams. ¶ 9 After reviewing the record evidence and applying our applicable standard of review, we conclude that we cannot disturb the hearing officer’s findings. 
5 A. Standard of Review ¶ 10 “We review de novo the Panel’s legal conclusions, including its statutory interpretations.” Cath. Health Initiatives Colo. v. Indus. Claim Appeals Off., 2021 COA 48, ¶ 14. As relevant here, we may only set aside the Panel’s decision if it is not supported by the record or if it is erroneous as a matter of law. See § 8-74-107(6)(c)-(d), C.R.S. 2021. ¶ 11 Moreover, we may not disturb a hearing officer’s factual findings if they are “supported by substantial evidence or reasonable inferences drawn from that evidence.” Yotes, Inc. v. Indus. Claim Appeals Off., 2013 COA 124, ¶ 10; see also § 8-74-107(4) (a hearing officer’s factual findings are conclusive when they are supported by substantial evidence). B. Base Period ¶ 12 We first conclude that the hearing officer properly determined that Cleveland’s base period was July 1, 2019, through June 30, 2020. ¶ 13 A claimant’s base period is comprised of “the first four of the last five completed calendar quarters immediately preceding the first day of the individual’s benefit year.” § 8-70-103(2), C.R.S. 
6 2021. “If the individual files a claim on a Monday, Tuesday, or Wednesday, the first day of the first week in the claims series shall begin on the Sunday immediately preceding the day on which said claim was filed.” Dep’t of Lab. & Emp. Reg. 2.3.5.1, 7 Code Colo. Regs. 1101-2. ¶ 14 The hearing officer’s findings about when Cleveland’s base period started are supported by the record. Cleveland filed her claim for unemployment benefits on December 30, 2020, which was a Wednesday. So, the first day of Cleveland’s claim was the Sunday before she filed the claim, December 27, 2020. Thus, Cleveland’s base period was the first four of the last five completed calendar quarters immediately preceding December 27, 2020 — that is, July 1, 2019, through June 30, 2020. C. Wages Included in the Base Period ¶ 15 Next, we conclude that the hearing officer properly determined that only the wages paid to (and not earned by) Cleveland should be included in her base period. ¶ 16 When interpreting statutes, we seek to give effect to the legislature’s intent. See Keysight Techs., Inc. v. Indus. Claim Appeals Off., 2020 COA 29, ¶ 11. “To do that, we always start with 
7 the statute’s language, giving words their plain and ordinary meanings.” Cath. Health, ¶ 15. “If the language is clear, we apply it as written and need not resort to other tools of statutory interpretation.” Keysight, ¶ 11. ¶ 17 The legislature defined wages as “[a]ll remuneration for personal services, including the cash value of all remuneration paid in any medium other than cash.” § 8-70-141(1)(a), C.R.S. 2021; see also § 8-70-103(29) (referring to the definition of wages in section 8-70-141). The word remuneration means “to pay an equivalent to (a person) for a service.” Webster’s Third New International Dictionary 1921 (2002). In turn, the word pay means “to satisfy (someone) for services rendered,” to “discharge an obligation to,” and “to give in return for goods or service.” Id. at 1659. ¶ 18 So, the wages included in a claimant’s base period are the monies that the employer has paid in exchange for services rendered. The term does not include amounts that the claimant has earned but that the employer has not yet paid. ¶ 19 Other statutes relating to a claimant’s benefits consistently apply this definition of wages. First, to determine the duration of a claimant’s benefits, the Division credits her with “the wages for 
8 insured work paid during each quarter of such individual’s base period.” § 8-73-104(1), C.R.S. 2021 (emphasis added). Second, the individual’s weekly benefit amount is calculated based on “the wages paid” to her. § 8-73-102(1)(a), C.R.S. 2021 (emphasis added). Finally, an individual is only eligible to receive benefits if she has been “paid wages for insured work” during her base period that are equal to a certain amount. § 8-73-107(1)(e), C.R.S. 2021 (emphasis added). ¶ 20 If the legislature had intended to define wages as those a claimant earned during her base period, it could have said so. Indeed, the legislature used such language for determining an individual’s ongoing eligibility to receive benefits, stating the individual would only receive those benefits if her “total wages earned for the week are less than [her] weekly benefit amount.” § 8-73-107(1)(f) (emphasis added). ¶ 21 Because the language is clear, we must apply it as written. The record supports the hearing officer’s determination that Cleveland was only paid $1,250 by Adams during her base period. For that reason, those are the only wages that may be included in Cleveland’s base period for this claim. 
9 ¶ 22 We recognize, as Cleveland states, that her base period would have shifted so that it would have included other wages paid by Adams if she had filed her claim just two days later. We also accept her statements that she faced multiple difficulties in pursuing her claim. However, it is not within our power to rewrite a statute because a claimant perceives that it would be fairer. See Keysight, ¶ 18 (“Any modification of the statute required to make it ‘fairer’ . . . is a task for the General Assembly, not for a division of this court.”); Dep’t of Transp. v. City of Idaho Springs, 192 P.3d 490, 494 (Colo. App. 2008) (“Courts may not rewrite statutes to improve them.”). ¶ 23 Because the hearing officer’s findings are supported by substantial evidence in the record and the Panel’s legal conclusions are correct, we may not disturb them on review. III. Conclusion ¶ 24 The Panel’s order is affirmed. JUDGE FURMAN and JUDGE PAWAR concur.