25CA1192 Ready v ICAO 12-24-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1192
Industrial Claim Appeals Office of the State of Colorado
DD No. 3644-2025

---

Amy K. Ready,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Weld County
School District RE 5J,

Respondents.

---

ORDER AFFRIMED

Division VI
Opinion by JUDGE GOMEZ
Welling and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 24, 2025

---

Amy K. Ready, Pro Se

No Appearance for Respondent Industrial Claim Appeals Office

Caplan and Earnest LLC, Andrew M. Salazar, Boulder, Colorado, for
Respondent Weld County School District RE 5J

¶ 1 Amy K. Ready appeals the order of the Industrial Claim Appeals Office (the Panel) affirming a hearing officer's denial of her claim for unemployment benefits. We affirm.

## I. Background

¶ 2 During the latter part of Ready's employment with Weld County School District RE 5J (the School District), she worked as a special education paraprofessional at Roosevelt High School (Roosevelt), starting there in December 2023. She quit her job with the School District on April 1, 2024.

¶ 3 Ready applied for unemployment benefits, claiming that she quit because she was being mistreated in the workplace by another paraprofessional (the coworker). A deputy for the Division of Unemployment Insurance denied her claim, and she appealed.

¶ 4 At the evidentiary hearing on appeal, the hearing officer heard testimony from Ready, the principal at Roosevelt, and the director of personnel for the School District. After the hearing, the hearing officer issued a written ruling determining that Ready was disqualified from receiving unemployment benefits under section 8-73-108(5)(e)(I), C.R.S. 2025. *Compare* § 8-73-108(5)(e)(I) (a claimant *is not* entitled to unemployment benefits if they quit

1

because of dissatisfaction with, among other things, "standard working conditions"), *with* § 8-73-108(4)(c) (a claimant *is* entitled to unemployment benefits if their job separation was caused by "unsatisfactory" working conditions).  Specifically, the hearing officer found that although Ready quit because the coworker was being rude to her and ignoring her, that didn't rise to the level of an objectively unsatisfactory working condition.

¶ 5     Ready appealed, and the Panel affirmed the hearing officer's decision.  In its ruling, the Panel determined that "it is apparent that the hearing officer did not view [Ready's] coworker's behavior to be so unreasonable, impractical, or burdensome as to be an objectively unsatisfactory working condition."  The Panel then concluded that because Ready's working conditions weren't objectively unsatisfactory under section 8-73-108(4)(c), she was disqualified from receiving unemployment benefits under section 8-73-108(5)(e)(I).

II.     Applicable Law and Standard of Review

¶ 6     Relevant factors to consider in determining whether working conditions were "unsatisfactory" under section 8-73-108(4)(c) include "the degree of risk involved to [the person's] health, safety,

and morals"; the person's "physical fitness and prior training"; and the person's prior "experience." § 8-73-108(4)(c). An objective standard applies when determining whether working conditions were unsatisfactory under section 8-73-108(4)(c). *Yotes, Inc. v. Indus. Claim Appeals Off.*, 2013 COA 124, ¶ 25.

¶ 7 We may set aside the Panel's decision only if the Panel acted without or in excess of its powers, the decision was procured by fraud, the factual findings didn't support the decision, or the decision was erroneous as a matter of law. § 8-74-107(6)(a)-(d), C.R.S. 2025.

¶ 8 We do not disturb a hearing officer's factual findings if they are supported by substantial evidence or reasonable inferences drawn from that evidence. *See Yotes*, ¶ 10. But whether working conditions were objectively "unsatisfactory" under section 8-73-108(4)(c) is an ultimate conclusion of fact. *See Commc'ns Workers of Am. 7717 v. Indus. Claim Appeals Off.*, 2012 COA 148, ¶ 7 (ultimate conclusions of fact are conclusions of law or mixed questions of law and fact that determine the parties' rights and liabilities and are generally phrased in the language of the

controlling statute or legal standard).  We review an ultimate

conclusion of fact de novo.  *Id.*

### III. Analysis

¶ 9     As an initial matter, we address the School District's two

arguments for why we should dismiss Ready's appeal.  First, it

argues that we should dismiss her appeal because her opening

brief, which she filed pro se, doesn't comply with certain Colorado

appellate rules.  Given the severity of that requested sanction, we

decline to do so.  *See People v. Alaniz*, 2016 COA 101, ¶ 17 n.3 (an

appellate court has the discretion to hear an appeal even if the

appellant's opening brief doesn't comply with the appellate rules);

*In re Marriage of Parr & Lyman*, 240 P.3d 509, 513 (Colo. App. 2010)

(addressing arguments raised on appeal although the briefs didn't

comply with the appellate rules).

¶ 10     Second, the School District argues that we should dismiss

Ready's appeal because, in her opening brief, she doesn't explicitly

argue any of the potential bases for setting aside the Panel's

decision under section 8-74-107(6)(a)-(d).  Here, too, we decline to

do so because "[p]leadings by pro se litigants must be broadly

construed to ensure that they are not denied review of important

issues because of [any] inability to articulate their argument like a lawyer." *Jones v. Williams*, 2019 CO 61, ¶ 5.

¶ 11    Having disposed of those initial matters, we turn to the merits. Ready contends that her resignation amounted to a "constructive discharge resulting from an ongoing hostile work environment and the employer's failure to take appropriate corrective action" and that she was "essentially forced out" of the job.

¶ 12    We discern no error in the Panel's ruling for two reasons. First, we discern no error in the hearing officer's ultimate conclusion of fact, which the Panel affirmed, that the coworker's conduct toward Ready didn't rise to the level of an "unsatisfactory" working condition under section 8-73-108(4)(c).

¶ 13    In finding that Ready quit because the coworker was being rude to her and ignoring her, the hearing officer appeared to credit Ready's testimony that she quit because the coworker was, for example, ignoring her, "talking about [her] behind [her] back," and "giv[ing] [her] attitude." Ready testified that the situation made her feel "really uncomfortable" and "like [she] wasn't a team member" anymore, and that she "couldn't handle [it] anymore." But again, an objective standard applies when determining whether working

conditions were unsatisfactory under section 8-73-108(4)(c), *not* "a subjective standard based on the personal perspectives or beliefs of a particular claimant." *Rodco Sys., Inc. v. Indus. Claim Appeals Off.*, 981 P.2d 699, 701 (Colo. App. 1999). And "[a] claimant's subjective determination that working conditions are unsatisfactory is insufficient." *Campbell v. Indus. Claim Appeals Off.*, 97 P.3d 204, 211 (Colo. App. 2003).

¶ 14 The objective standard we must apply is a "reasonableness standard" based on the circumstances of the case, "including [the factors] set forth in [section 8-73-108(4)(c)]" for determining whether working conditions were objectively unsatisfactory. *Campbell*, 97 P.3d at 211. Notably, the hearing officer questioned Ready about several of the relevant factors under section 8-73-108(4)(c). Specifically, the hearing officer asked Ready, "Was the situation with [the coworker] a risk to your health, safety, or morals?" Ready answered, "No. I just didn't like the environment." The hearing officer then asked Ready, "Were you physically and mentally able to perform your job duties?" Ready answered, "Yeah, barely." Finally, the hearing officer asked Ready, "Did you have the skills and qualifications to perform your job duties?" Ready answered, "Yes,"

but then qualified that answer by saying, "When I got transferred [to Roosevelt], I did not know what I was getting into. They did not explain to me my job." That testimony — specifically, (1) that the situation with the coworker wasn't a risk to Ready's health, safety, or morals; and (2) that Ready was (barely) able to perform her job duties, despite her coworker's behavior — constitutes sufficient evidence that Ready's working conditions were not objectively unsatisfactory under section 8-73-108(4)(c).

¶ 15     Second, we are unpersuaded by Ready's argument that reversal is warranted because of "the employer's failure to take appropriate corrective action." Ready testified that she asked the principal at Roosevelt to transfer her to a different position within the school because of her conflict with the coworker, but he responded that there weren't any other open positions for her. If indeed there weren't any other open positions at Roosevelt — a fact Ready doesn't contest — the principal's response to Ready's request was reasonable. Further, we haven't found any evidence in the record, and Ready doesn't cite to any, supporting her assertion on appeal that she also asked to be transferred to a different school.

¶ 16    More significantly, though, the hearing officer found that the principal set up a meeting "to potentially resolve" the issue between Ready and the coworker, but Ready chose not to attend the meeting and quit shortly thereafter.  That finding is well supported by both the principal's testimony and Ready's own testimony.  Ready testified that the meeting "was just going to be a big complain fest, and [she] didn't want to hear it."  And in an email to the principal shortly before her resignation, Ready wrote, "I am not interested in the meeting as I don't feel like I am part of the team and I don't want to hear the blame game."  Ready's decision not to attend the meeting undercuts her claim that the principal didn't take appropriate corrective action.  *See Yotes*, ¶¶ 24-32 (upholding the hearing officer's denial of unemployment benefits based on allegedly unsatisfactory working conditions caused by a coworker's conduct because, among other reasons, "[the] employer told [the] claimant it would investigate the matter and schedule a meeting with the coworker," but the claimant quit before the meeting could occur).

¶ 17    For these reasons, we discern no error in the hearing officer's ultimate conclusion, which the Panel affirmed, that Ready's working conditions were not "unsatisfactory" under section 8-73-108(4)(c).

Therefore, we also discern no error in the hearing officer's and Panel's rulings that Ready was disqualified from receiving unemployment benefits under section 8-73-108(5)(e)(I).

## IV. Disposition

¶ 18   The order is affirmed.

JUDGE WELLING and JUDGE SULLIVAN concur.